UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO E. UHURU, | No. 2:23-cv-0068 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| HANIEL SHEN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, the undersigned will recommend that (1) plaintiff's motion to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g), and (2) plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action.

I.  THREE STRIKES RULE: 28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

>fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who has accrued three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent

danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022).

## II.     PLAINTIFF'S PRIOR STRIKES

The court takes judicial notice[1] of the fact that on April 16, 2021, in Uhuru v. Diaz, No. 20-56332 (9th Cir. Oct. 4, 2021), the Ninth Circuit determined that on at least three prior occasions, plaintiff had actions dismissed because they were either frivolous or malicious or they failed to state a claim. The cases cited by the court of appeals were:

- Uhuru v. Paramo, No. 17-56364 (9th Cir. May 17, 2018) (dismissing appeal as frivolous);
- Uhuru v. Paramo, No. 17-cv-0960 (S.D. Cal. May 26, 2017) (dismissing action for failure to state a claim), and
- Uhuru v. Oliveros, No. 16-cv-2973 (S.D. Cal. Apr. 25, 2017) (dismissing action for failure to state a claim).

See Uhuru v. Diaz, No. 20-56332 (9th Cir. Oct. 4, 2021), ECF No. 6 (denying in forma pauperis application in light of 28 U.S.C. § 1915(g)).

All of the preceding cases were dismissed well before the instant action was filed on January 11, 2023,[2] and none of the strikes have been overturned. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

////

////

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] The signing date of a pleading is the earliest possible filing date pursuant to the mailbox rule. See Roberts v. Marshall, 627 F.3d 768, 769 n.1 (9th Cir. 2010) (stating constructive filing date for prisoner giving pleading to prison authorities is date pleading is signed); Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).

3

### III. IMMINENT DANGER

In the complaint, plaintiff does allege that he is in imminent danger of serious physical harm. ECF No. 1 at 6. Specifically, he states that he was placed in imminent danger when he was hit on his face, chest, and back with a riot shield and then handcuffed too tightly by a prison official who was not wearing a mask and who had not sanitized the handcuffs. Id.

These facts do not support a finding that plaintiff is in imminent danger of serious physical harm. Plaintiff states that the aforementioned incident occurred in August 2022. ECF No. 1 at 6. However, the instant action was filed several months later, on January 11, 2023. Id. at 8 (plaintiff's signature and date on complaint). The imminent danger exception applies only where a plaintiff has alleged facts that demonstrate he was "under imminent danger" at the time the complaint was filed. Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007). Because the complaint does not make such an allegation, the imminent danger exception to the three strikes rule does not apply. Therefore, plaintiff must pay the filing fee in full prior to proceeding any further in this action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED, and

2. Plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////

////

////

time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 21, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE