UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kohen Diallo E. Uhuru, | No. 2:23-cv-00068-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| Haniel Shen, et al., | |
| Defendants. | |

On June 21, 2023, the magistrate judge issued findings and recommendations recommending plaintiff's application to proceed in forma pauperis be denied and plaintiff be ordered to file the filing fee prior to any further proceedings in this action. F. & R. at 4, ECF No. 9. The magistrate judge found plaintiff is a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g) and the imminent danger exception did not apply. *Id.* Plaintiff filed objections, Objs., ECF No. 10, and this court adopted the findings and recommendations in full and denied plaintiff's motion to proceed in forma pauperis. Prior Order, ECF No. 13. Plaintiff now moves the court to reconsider its prior order and, in the alternative, requests an extension of time to pay the filing fee from 30 days to 90 days. Mot., ECF No. 14. For the reasons below the court **denies** the motion for reconsideration and **grants** the request for an extension of time.

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to

1

be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis and citation omitted). "Thus, the court may reconsider previously decided questions in cases in which there has been an intervening change of controlling authority, new evidence has surfaced, or the previous disposition was clearly erroneous and would work a manifest injustice." *Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995). This court's local rules also govern reconsideration. They require the moving party to provide "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" or "what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j).

Reconsideration is not warranted here. There are no new facts, nor changes in controlling law. Instead, plaintiff argues the court erred in finding the imminent danger exception did not apply. Mot. Plaintiff argues the allegation "he was suffering from breathing dust, lint, foreign pathogens and hair follicles consistently flowing through the ventilation system," which made it difficult for him to breathe, "qualified plaintiff's allegation for the imminent danger 'exception[.]'" *Id.* at 2. However, as this court found before, Prior Order at 2, plaintiff's allegations are about incidents that occurred at an earlier time, *see* First Am. Compl. at 7, ECF No. 8. Plaintiff's initial complaint was filed in January 2023. Compl., ECF No. 1. In his amended complaint, plaintiff alleges he was discriminated against based on religion and disability in August 2022, and as a result of that discrimination, he was injured by being "forced to breathe dust, lint, [and] foreign pathogens with hair follicles." First Am. Compl. at 7 (claim three). It is unclear how exactly the alleged injury relates to his claim for unlawful discrimination. In any case, plaintiff's allegations are about discrimination that occurred months before his complaint was filed. Plaintiff does not allege the conditions he faced in August are ongoing or recurring. Plaintiff has not alleged imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

The motion for reconsideration is **denied.** However, the request for an extension of time to pay the filing fee is **granted.** Plaintiff shall have 90 days to file the filing fee. Further filings from plaintiff will be disregarded unless plaintiff pays the filing fee. Failure to timely pay the

filing fee may result in dismissal of the case for failure to prosecute.  This matter is referred back to the magistrate judge for all pretrial proceedings.

This order resolves ECF No. 14.

IT IS SO ORDERED.

DATED:  September 21, 2023.

CHIEF UNITED STATES DISTRICT JUDGE