UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KOHEN DIALLO E. UHURU,

Plaintiff,

v.

HANIEL SHEN, et al.,

Defendants.

No. 2:23-cv-0068 DC AC P

ORDER

Plaintiff is a state prisoner who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He paid the filing fee after his motion to proceed in forma pauperis was denied on August 28, 2023. Plaintiff's first amended complaint is now before the court for screening.[1]

I. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S.

[1] Before the court could screen the original complaint, plaintiff filed a first amended complaint that supersedes his prior filing. See Local Rule 220. As a result, the court will proceed to screen the first amended complaint docketed on March 16, 2023. ECF No. 8.

at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

I. Factual Allegations in the Amended Complaint

Plaintiff is a designated priest of the Nubian Hebrew Israelites confined at the California State Prison-Sacramento ("CSP-Sac"). Plaintiff alleges that he was involuntarily placed in the psychiatric inpatient placement program at the California Medical Facility on October 12, 2022. ECF No. 8 at 5. Plaintiff also asserts that on August 4, 2022 he was sexually harassed by John Does as well as named non-parties to this action who watched the video surveillance from plaintiff's cell. ECF No. 8 at 6. This caused plaintiff emotional distress. ECF No. 8 at 6. On that same day plaintiff was subjected to two strip searches and not allowed to see his requested doctors. Id. Following these searches, his durable medical equipment, including incontinence supplies, and religious objects were confiscated. Id.

Specifically, plaintiff contends that he was denied an adequate supply of adult incontinence products between August 4, 2022 and August 9, 2022 causing him to sleep in soiled clothing. ECF No. 8 at 5.

On August 8, 2022, defendant Fuller used his riot shield to strike plaintiff in the face, chest, and back while plaintiff was under the covers of his bed. ECF No. 8 at 6. Plaintiff almost

lost consciousness and was in "excruciating pain" as a result. ECF No. 8 at 6. Defendant Fuller also ignored plaintiff's need for special handcuffing which cut off circulation in his hands. Id.

On August 23, 2022, defendants Dunkle and Lao handcuffed plaintiff using an "illegal" lock box causing him pain. ECF No. 8 at 6.

Between August 5, 2022 through August 22, 2022, defendants at CSP-Sac deliberately prevented plaintiff from practicing his Nubian Hebrew Israelite religion by fasting, praying, and engaging in praise and worship. ECF No. 8 at 7. Plaintiff asserts that defendants were "personally involved through causal connections from a series of occurrences and transactions perpetrated through their 'handoff process' where… all are cognizant of information from one health care staff/team to another for the purpose of ensuring the same continuity and safety of… care." Id. Plaintiff further asserts that he was retaliated against because of his disability as well as his religion. Id.

Plaintiff also challenges his conditions of confinement while an inmate at CSP-Sac. He suffered breathing difficulties due to the "dust, lint, foreign pathogens with hair follicles flowing through the CSP-Sac ventilation system." ECF No. 8 at 7. Plaintiff also was deliberately denied outdoor exercise including fresh air and sunlight for an unspecified period of time. Id.

By way of relief, plaintiff seeks monetary and punitive damages. He also seeks declaratory and injunctive relief including a religious accommodation to fast as a Nubian Hebrew Israelite, and to have his worship curriculum for a "School of the Prophets" and "Shephard praise music" approved.

II. Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated an 8th Amendment excessive force claim against defendant T. Fuller for assaulting and forcefully handcuffing plaintiff on August 8, 2022.

III. Failure to State a Claim

The allegations against each of the remaining defendants are far too vague and conclusory to proceed. While plaintiff alleges that these defendants personally violated his constitutional rights, and refers to vaguely identified incidents, he fails to provide necessary factual details that

would enable the court to determine any claim's viability. Plaintiff does not adequately link defendants Shen, Gonzalez, or Associate Warden Johnson to any of the asserted constitutional violations. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Nor does plaintiff adequately describe how the actions of defendants Aguilar, Meeker, C. Johnson, and John/Jane Does 10-16 specifically deprived him of his ability to practice his religion. The amended complaint does not contain enough facts about the alleged deprivations of plaintiff's religious freedoms to determine whether, and to what extent, any defendant violated his First Amendment rights. The allegations that defendants Dunkle and Lao illegally cuffed plaintiff using a lock box do not state any constitutional claim. Plaintiff does not explain what made the use of a lock box illegal. It appears to the court that plaintiff may be able to allege additional facts to fix these problems. Therefore, plaintiff has the option of filing an amended complaint.

IV. Options from Which Plaintiff Must Choose

Based on the court's screening analysis, plaintiff has a choice to make. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately against defendant T. Fuller on the Eighth Amendment excessive force claim. By choosing this option, plaintiff will be agreeing to voluntarily dismiss defendants Shen, Gonzalez, Associate Warden Johnson, Aguilar, Meeker, C. Johnson, Dunkle, Lao, and John/Jane Does 10-16. The court will proceed to immediately serve the complaint and order a response from defendant Fuller.**

**The second option available to plaintiff is to file a second amended complaint to fix the problems described in Section III. If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.**

V. Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Some of the allegations in the complaint state claims against the defendants and some do not. The court has determined that there are sufficient factual allegations against defendant T. Fuller to proceed on an Eighth Amendment excessive force claim. The remaining allegations in

the first amended complaint are too vague or conclusory to state any claim for relief against any other defendant.

You have a choice to make. You may either (1) proceed immediately on your Eighth Amendment excessive force claim against defendant T. Fuller and voluntarily dismiss the other claims; or, (2) try to amend the complaint. To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief. See Attachment A. Pay particular attention to these standards if you choose to file an amended complaint.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against defendants Shen, Gonzalez, Associate Warden Johnson, Aguilar, Meeker, C. Johnson, Dunkle, Lao, and John/Jane Does 10-16 do not state claims for which relief can be granted.

2. Plaintiff has the option to proceed immediately on his Eighth Amendment excessive force claim against defendant T. Fuller as set forth in Section II above, or to file a second amended complaint.

3. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened amended complaint or whether he wants to file a second amended complaint.

4. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of defendants Shen, Gonzalez, Associate Warden Johnson, Aguilar, Meeker, C. Johnson, Dunkle, Lao, and John/Jane Does 10-16.

DATED: October 24, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KOHEN DIALLO E. UHURU,

Plaintiff,

v.

HANIEL SHEN, et al.,

Defendants.

No. 2:23-cv-00068-DC-AC

NOTICE OF ELECTION

Check one:

_____ Plaintiff wants to proceed immediately on his Eighth Amendment excessive force claim against defendant T. Fuller without amending the complaint. Plaintiff understands that by choosing this option, the remaining defendants will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiff wants time to file a second amended complaint.

DATED:______________________

______________________________

Kohen Diallo E. Uhuru
Plaintiff pro se

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I. Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

II. Legal Standards Governing Substantive Claims for Relief

A. Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

B. Joinder of Multiple Claims and Parties

A plaintiff may properly assert multiple claims against a single defendant in a civil action. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). However, unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." Id.

C. First Amendment Free Exercise Clause

"The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security. We determine whether these competing interests are balanced properly by applying a reasonableness test: When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (citations and internal quotation marks omitted); see also Shakur v. Schriro, 514 F.3d 878, 889 (9th Cir. 2008) ("Once the plaintiff establishes that the challenged state action substantially burdens his religious exercise, the government bears the burden of establishing that the regulation serves a compelling government interest and is the least restrictive means of achieving that interest.").

"A person asserting a free exercise claim must show that the government action in

question substantially burdens the person's practice of her religion. A substantial burden places more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." Jones v. Williams, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (citations, internal quotation marks, and alterations omitted).

D. First Amendment Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). A prison transfer may also constitute an adverse action. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison transfer and double-cell status can constitute a cause of action for retaliation under the First Amendment).

E. Conditions of Confinement

In order for a prison official to be held liable for alleged unconstitutional conditions of confinement, the prisoner must allege facts that satisfy a two-prong test. Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837). The first prong is an objective prong, which requires that the deprivation be "sufficiently serious." Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834). In order to be sufficiently serious, the prison official's "act or omission must result in the denial of the 'minimal civilized measure of life's necessities." Lemire, 726 F.3d at 1074. The objective prong is not satisfied in cases where prison officials provide prisoners with "adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.

2000) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d at 732 ("[m]ore modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing"). Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d at 731.

The second prong focuses on the subjective intent of the prison official. Peralta, 774 F.3d at 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837). The deliberate indifference standard requires a showing that the prison official acted or failed to act despite the prison official's knowledge of a substantial risk of serious harm to the prisoner. Id. (citing Farmer, 511 U.S. at 842); see also Redman v. Cnty. of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991). Mere negligence on the part of the prison official is not sufficient to establish liability. Farmer, 511 U.S. at 835.