UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO E. UHURU, | No. 2:23-cv-0068 DC AC P |
| Plaintiff, | |
| v. | ORDER |
| HANIEL SHEN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel, seeks relief pursuant to 42 U.S.C. § 1983; the Prison Rape Elimination Act ("PREA"), 34 U.S.C. §§ 30301-30309; the Civil Rights of Institutionalized Persons Act ("CRIPA"), 42 U.S.C. § 1997 et seq.; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12203; and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc et seq. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff has filed a motion for admission of facts. ECF No. 33. To the extent plaintiff's motion seeks an order requiring defendants to admit facts, such motion is improper.

A request for admission of facts is a discovery *request* that should be served on the opposing party, not a motion to be brought before the court. See Fed. R. Civ. P. 36(a). If plaintiff believes a requests for admission has been improperly denied or an answer or objection to the request for admission is insufficient, plaintiff may file a motion to determine the sufficiency of

1

the answer or objection or a motion for reasonable fees incurred in proving the matter to be true. See also Fed. R. Civ. P. 36(a)(6) (if the requesting party believes an answer or objection to a request for admission is insufficient, the requesting party may file a motion to determine the sufficiency of an answer or objection; Fed. R. Civ. P. 37(c) ("If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter to be true, the requesting party may" file a motion for reasonable expenses in making that proof.).

To the extent plaintiff is attempting to present a motion under Rules 36(a)(6) or 37(c)(2), such motion is premature. As this court has previously advised plaintiff, *discovery requests and motions* will not be appropriate *until* the screening process has been completed, defendants have been served and answer, and a Discovery and Scheduling order is issued. See ECF No. 17. This case is still in the screening phase.[1]

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for admission of facts (ECF No. 33) is DENIED as improper and premature.

DATED: April 16, 2025

_allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Concurrently with this order, the court is issuing a screening order on the second amended complaint.

2